# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Criminal Case No. 6:22-CR-00001** |
| | § | |
| **OSCAR O. CABRERA** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Oscar O. Cabrera's "Motion on Concurrent." (Dkt. No 9). After reviewing the motion, the record, and the applicable law, the Court is of the opinion that the motion should be **DENIED**.

### I.   BACKGROUND

In 2020, Defendant was convicted of illegal reentry in Case No 3:20-CR-128 in the District of New Jersey and sentenced to 8 months' imprisonment, to be followed by 3 years' supervised release. The Judgment provided: "If, at any time, the defendant illegally reenters the United States during the term of supervised release, his illegal reentry will be a violation of supervised released, as well as a violation of law." (Dkt. No. 1, p. 4).

In 2021, Defendant was convicted of illegal reentry in Case No. 6:21-CR-150 in the Southern District of Texas and sentenced to 24 months' imprisonment. Jurisdiction over his supervision was transferred to this Court, and Defendant admitted guilt to violating the following conditions of supervision: (1) mandatory condition: commission of a crime – illegal reentry; (2) illegal reentry to the United States during term of supervised release; and (3) failure to remain outside of the United States after deportation. The Court revoked his supervision and sentenced him to 8 months' imprisonment, to be served

consecutively to his sentence for illegal reentry. Defendant now moves the Court to order that the two sentences shall run concurrently.

## II. ANALYSIS

The Judgment for Revocation explicitly provides that Defendant's 8-month sentence is "to be served consecutively to the sentence imposed in 6:21CR00150-001." (Dkt. No. 6, p. 2). Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at *2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

To the extent Defendant seeks to challenge the Bureau of Prisons' (BOP) calculation of his federal sentence, he may file a petition under 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16 and collecting cases). Any challenge to the BOP's calculation of sentencing credit pursuant to Section 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at FMC Fort Worth, which is located in the Eastern District of Texas. Assuming Defendant remains incarcerated in Fort Worth, he should file any Section 2241 petition in the Eastern District of Texas, after first exhausting his administrative remedies.

### III.    CONCLUSION

For the foregoing reasons, Defendant's "Motion on Concurrent" (Dkt. No. 9) is **DENIED**.

It is SO ORDERED.

Signed on September 8, 2022.

                                                    **DREW B. TIPTON**
                                           **UNITED STATES DISTRICT JUDGE**